UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC TAYLOR,

                          Plaintiff,

            -against-

THE CITY OF NEW YORK,

                          Defendant.

24-CV-4241 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained at the Otis Bantum Correctional Center on Rikers Island, brings this action *pro se*. Because he has not paid the fees to bring this action, the Court understands that he is requesting to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court has previously recognized Plaintiff as barred, under the Prison Litigation Reform Act's ("PLRA") "three-strikes" provision, 28 U.S.C. §1915(g), from filing any new federal civil action IFP while he is a prisoner. *See Taylor v. NYPD Bureau*, ECF 1:18-CV-0289, 8 (S.D.N.Y. June 29, 2018); *see also Taylor v. NYPD Auth.*, ECF 1:24-CV-4138, 4 (S.D.N.Y. July 30, 2024) (noting that one of the strikes listed in *Taylor*, ECF 1:18-CV-0289, 8, was not actually a strike, but holding that Taylor is still barred under Section 1915(g) by virtue of his appeal dismissed as frivolous in *Taylor v. New York City*, No. 18-2192 (2d Cir. Apr. 11, 2019)). The PLRA's three-strikes provision provides that:

> [i]n no event shall a prisoner bring a civil action . . . [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Because Plaintiff has accumulated three strikes while he was a prisoner, he is barred under Section 1915(g) from filing this new civil action IFP unless the complaint shows that he is in imminent danger of serious physical injury.[1] Here, Plaintiff's complaint does not show he is in imminent danger of serious physical injury. Instead, Plaintiff submits as his complaint a personal injury claim form from the New York City Comptroller Office in which he refers to a multitude of issues, including cybersecurity, libel, slander, and "Muslim Satanists." (ECF 1, at 1-2.) None of the assertions in the pleading indicate that he was under imminent danger of serious physical injury at the time of filing. Plaintiff is therefore barred, under Section 1915(g), from filing this federal civil action IFP.

## CONCLUSION

The Court denies Plaintiff leave to proceed IFP, and dismisses this action without prejudice, under the PLRA's three-strikes provision.[2] 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury at the time of filing.[3] *Id.* All other pending matters in this case are terminated.

---

[1] A danger "that has dissipated by the time a complaint is filed," is not an imminent one, *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, the danger must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

[2] Plaintiff may commence a new federal civil action by paying the fees to bring an action. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights action from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the relevant fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:    August 7, 2024
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge